**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,
378 N. Main Avenue
Tucson, AZ 85701,

            Plaintiff,

   v.

UNITED STATES FOREST SERVICE,
1400 Independence Ave., SW
Washington, D.C. 20250,

          Defendant.

Case No.: _____

**COMPLAINT**
**FOR DECLARATORY AND**
**INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Plaintiff Center for Biological Diversity ("the Center) challenges the United States Forest Service ("Forest Service") ongoing violations of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), resulting from the agency's failure to timely respond to a request for records concerning the appraisal for the proposed "Oak Flat" land exchange in southeastern Arizona.  Specifically, on November 22, 2022, the Center requested from the Forest Service:

> the records that document the information submitted to the Forest Service by the aforementioned contracted appraiser(s).  This refers to the information or data from your contractor upon which your final report will be based.  It is the Center's understanding that the final report is not completed, and as such, we are not requesting the final Forest Service report.  We are seeking the information or data provided to you by your contractor.

2. The Center's November 22, 2022 FOIA request was submitted to the Forest Service's Southwestern Region—Region 3, and to the Tonto National Forest.  At the time of the filing of this Compliant, 90 working days have passed since the Center submitted its FOIA request.  To date, however, the Forest Service has not provided any requested records.

3.      Accordingly, the Center challenges the Forest Service's FOIA violations resulting from its failure to respond to the Center's request and seeks declaratory and injunctive relief to require the Forest Service to promptly search for and produce all responsive records without further delay.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA.  Declaratory and injunctive relief is appropriate under FOIA, 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. §§ 2201-02.

5.      Venue vests in this Court under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district and because the responsive records may be found in this district.

## PARTIES

6.      Plaintiff Center for Biological Diversity ("the Center") is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 84,000 members.  The Forest Service's failure to comply with FOIA impairs the Center's ability to provide full, accurate, and current information to the public on a matter of significant public interest.  Absent this information, the Center is hampered in its ability to advance its mission to protect native species and their habitats.  The Center and its members are harmed by the Forest Service's ongoing violations of FOIA, which are preventing the Center from gaining a full understanding of the Forest Service's activities, priorities, and decision-making regarding the appraisal for the proposed Oak Flat land exchange.

7.      Defendant United States Forest Service is a federal agency within the U.S. Department of Agriculture.  The Forest Service is in possession and control of the records that

the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is

responsible for fulfilling the Center's FOIA request.

## STATUTORY BACKGROUND

8.      FOIA's basic purpose is government transparency.  It establishes the public's

right to access federal agency records, with certain narrow exceptions.  5 U.S.C. § 552(b)(1)-(9).

9.      Each agency must generally make records promptly available to any person upon

a request for records which reasonably describes such records.  *Id*. § 552(a)(3)(A).

10.     Within 20 working days of receiving a FOIA request, an agency must determine if

it will release requested the records and must immediately notify the requester of its

determination and the reasons therefore, the right to seek assistance from the FOIA Public

Liaison, and the right to appeal an adverse agency determination.  *Id.* § 552(a)(6)(A)(i).

11.     Only in "unusual circumstances" may an agency extend the time to make a final

determination by no more than 10 working days, but it must provide written notice to the

requester setting forth the unusual circumstances for the extension and "the date on which a

determination is expected to be dispatched."  *Id.* § 552(a)(6)(B)(i).  If it provides written notice

that it cannot process the request within the specified time limit, the agency shall provide "an

opportunity to limit the scope of the request so that it may be processed within" the statutory

time limit or "an opportunity to arrange with the agency an alternative timeframe for processing

the request or a modified request" and shall make available its FOIA Public Liaison to "assist in

the resolution of any disputes between the requester and the agency."  *Id.* § 552(a)(6)(B)(ii).

12.     Unusual circumstances means, to the extent reasonably necessary to the proper

processing of the request, the need to search for and collect the requested records from field

facilities or other establishments that are separate from the office processing the request; the need

to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or the need for consultation with another agency having a substantial interest in the determination of the request. *Id*. § 552(a)(6)(B)(iii).

13.     FOIA requires each agency to undertake a search for requested records in a manner reasonably calculated to locate all records responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).  Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

14.     FOIA requires federal agencies to promptly disclose requested records. *Id*. §§ 552(a)(3)(A), 552(a)(6)(C)(i).

15.     In certain limited instances, an agency may withhold records under one or more of nine specific exemptions. *Id.* § 552(b).  These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

16.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

17.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

18.     An agency may only withhold records if the agency reasonably foresees that disclosure would harm an interest protected by a FOIA exemption or disclosure is otherwise prohibited by law. *Id*. § 552(a)(8)(A).

## FACTUAL BACKGROUND

19.     On November 22, 2022, the Center submitted a FOIA request to the Forest

Service requesting records concerning the appraisal for the proposed "Oak Flat" land exchange

in southeastern Arizona.  Specifically, the Center requested:

> the records that document the information submitted to the Forest Service by the
> aforementioned contracted appraiser(s).  This refers to the information or data from your
> contractor upon which your final report will be based.  It is the Center's understanding
> that the final report is not completed, and as such, we are not requesting the final Forest
> Service report.  We are seeking the information or data provided to you by your
> contractor.

20.     On December 23, 2022, the Center sent an email to the Forest Service to follow

up on its November 22, 2022 FOIA request.  The Center notified the Forest Service that the

Center had not received a confirmation of receipt or acknowledgement of its FOIA request.

21.     On December 27, 2022, the Forest Service emailed the Center acknowledging the

receipt of the FOIA request, and assigning it tracking number "2023-FS-R3-01269-F."  In a

separate email on December 27, 2022, the Forest Service notified the Center that the agency had

started the search for records, and hoped to have an answer shortly after the holiday season.

However, in this same email, the Forest Service stated that it may take several weeks to gather

the responsive documents, and that "[w]e do not know how many months it will take for your

request to get to the top of the processing queue."

22.     On January 4, 2023, the Center sent the Forest Service an email requesting a

status update on its November 22, 2022 FOIA request.

23.     On January 4, 2023, the Forest Service notified the Center by email that: "The

requested documents are with the Chief Appraiser, Washington Office Lands & Realty.  The

request has been transferred to the Washington Office for processing."

24.     On January 5, 2023, the Forest Service notified the Center by email that its November 22, 2022 FOIA request would be processed in the Washington Office – FOIA Service Center, and had been assigned a new tracking number, 2023-FS-WO-01348-F.

25.     On March 17, 2023, the Center sent a letter to the Forest Service to notify the agency that it was in violation of FOIA concerning the Center's November 22, 2022 FOIA request, and requesting an estimated date of completion.  The Center explained in the letter that 78 workdays has passed with no records or determination from the Forest Service.  The Center further informed the Forest Service that time is of the essence in this matter, as the requested information is for use to better understand the appraisal that must be completed before the controversial exchange of land at Oak Flat in southeastern Arizona.  As further explained by the Center in its March 17, 2023 letter, because of the time-sensitive nature of the requested data, legal action will be required if the Forest Service failed to make a prompt determination.

26.     On March 21, 2023, the Center received an email from the Forest Service, asking the Center to clarify "what a FOIA 'deadline violation' is as I am not familiar with that term."

27.     On March 21, 2023, the Center responded to the Forest Service, explaining what FOIA requires, and again notifying the agency that it had been 80 working days since the Center submitted its FOIA request, and the Forest Service had not provided a determination or even a partial release of any records or documents to the Center.  The Center again asked when it could expect to receive a release and/or determination.

28.     On March 22, 2023, the Forest Service sent an email to the Center concerning its November 22, 2022 FOIA request.  The Forest Service notified the Center in the March 22 email that its request was "listed as simple" and that it hoped "to work through it pretty quickly since it

is for an appraisal from a contractor to the Tonto National Forest."  The Forest Service further explained, however, as follows:

> If this is just a records request for an appraisal, then I should have you a final response within 60 days.  If this is something bigger than only one appraisal record resulting in thousands of pages to review then it will take several months to gather the records, review each page word for word, submit for release determination, and send out the records.

29.     On March 29, 2023, the Forest Service sent an email to the Center concerning its November 22, 2022 FOIA request.  The March 29 email notified the Center that its request "will have to be processed at the USFS Region 3 FOIA office."  The Forest Service therefore transferred the Center's request to Region 3 of the Forest Service.  The Forest Service further explained that this transfer changed the case number for the Center's request to 2023-FS-R3-02876-F.

30.     On March 29, 2023, the Center send an email to the Forest Service asking why its November 22, 2022 FOIA request, which was originally sent to Region 3 of the Forest Service, was later sent to the agency's Washington Office, and then back to Region 3, after 164 days.

31.     On March 30, 2023, the Forest Service responded to the Center's March 29, 2023 email.  The March 30 email confirmed that the Center's request had bounced from the Tonto National Forest to the Region 3 office, then to the Washington Office, and then back to Region 3 office.  According to the March 30 email, when the Region 3 office responds, the Forest Service "will have a better idea of the volume of records and how long it will take to process them."

32.     As of the date of this filing, the Center has received no records from the Forest Service in response to the Center's November 22, 2022, FOIA request.  The Forest Service has failed to conduct a search for records responsive to the Center's November 22, 2022, FOIA request.  The Forest Service's failure to conduct an adequate search and failure to provide all

responsive records to the Center undermines FOIA's primary purpose of government transparency.

33.     The Forest Service has not shown or demonstrated that there are any unusual circumstances concerning the Center's November 22, 2022 FOIA request, as defined by FOIA. 5 U.S.C. § 552(a)(6)(B)(iii).

## CLAIM FOR RELIEF

34.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

35.     The Center has a statutory right to have the Forest Service process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  The Forest Service has violated and remains in violation of the Center's rights under FOIA by unlawfully delaying and failing to undertake a search reasonably calculated to locate all records that are responsive to the Center's November 22, 2022 FOIA request.  *Id*.

36.     The Forest Service violated FOIA, and remains in violation of FOIA, by failing to determine within 20 working days whether to comply with the Center's November 22, 2022 FOIA request, and failing to immediately notify the Center of such determination, the right to seek assistance from the FOIA Public Liaison of the Forest Service, and the right to appeal.  5 U.S.C. § 552(a)(6)(A).

37.     The Forest Service has violated and remains in violation of FOIA by refusing to promptly disclose the records responsive to the Center's November 22, 2022 FOIA request.  5 U.S.C. § 552.

38.     The Center has a statutory right to the records it seeks and there is no legal basis for the Forest Service to assert that any of FOIA's nine exemptions to mandatory disclosure

apply to withhold these records from the Center. *See* 5 U.S.C. § 552(b)(1)-(9). To the extent the Forest Service is invoking any of these exemptions, the Forest Service is unlawfully withholding from disclosure records that are responsive to the Center's November 22, 2022 FOIA Request.

39. The Center has a statutory right to any reasonably segregable portion of a record that may contain information lawfully subject to any of FOIA's exemptions. 5 U.S.C. § 552(b). The Forest Service is violating the Center's rights in this regard to the extent it is unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's November 22, 2022 FOIA request.

40. Based on the nature of the Center's organizational activities, the Center will undoubtedly continue to employ FOIA's provisions in record requests to the Forest Service in the foreseeable future. The Center's organizational activities and interests will be adversely affected if the Forest Service continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

41. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Forest Service will continue to violate the Center's right to receive public records under FOIA, including the records requested in the Center's November 22, 2022 FOIA request.

## RELIEF REQUESTED

WHEREFORE, the Center requests that this Court:

A. Order the Forest Service to promptly conduct searches reasonably calculated to locate all records responsive to the Center's November 22, 2022 FOIA request, utilizing a cut-off date for such searches that is the date the searches are conducted.

B. Order the Forest Service to provide to the Center, by a date certain, all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

C.    Declare that the Forest Service's failure to timely undertake a search for and disclose to the Center all records responsive to the Center's November 22, 2022 FOIA request, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552.

D.    Award the Center its litigation costs and reasonable attorney fees.  5 U.S.C. § 552(a)(4)(E).

E.    Grant such other and further relief as the Court may deem just and proper.

DATED: April 5, 2023.                    Respectfully submitted,

*/s/ William J. Snape, III*
William J. Snape, III
Attorney for Plaintiff
Center for Biological Diversity
D.C. Bar No. 455266
1411 K St. NW, Suite 1300
Washington, D.C. 20005
American University Law School
4300 Nebraska Ave NW,
Washington, DC 20016
Phone: 202-536-9351
Email: bsnape@biologicaldiversity.org
        wsnape@wcl.american.edu

*Attorney for Plaintiff*